I,GAUDIN, Judge.
George Brue, a barge inspector seeking benefits under the Jones Act and other federal statutes, filed suit in the 28rd Judicial District Court against his employer, River-way Company, and its insurer. On October 27, 1993, a motion for partial summary judgment filed by defendants was granted, dismissing Brue’s claims (1) under the Jones Act, (2) for unseaworthiness and for maintenance and cure, (3) for recovery of benefits under the Longshoremen and Harbor Workers’ Compensation Act and (4) for overtime, liquidated damages and attorney fees under the Fair Labor Standards Act.
The trial judge found the Brue did not perform a substantial portion of his work aboard vessels and that consequently he was not a seaman; also, the court found that Brue had been employed in an administrative capacity and therefore not entitled to overtime pay.
Brue was injured on December 12, 1989 when he slipped Ron wet soybean meal on the deck of a barge docked in the Mississippi River near Convent, Louisiana.
On appeal, Brue does not say that the dismissal of his demands for maintenance and cure under general maritime law or that the dismissal of his claims under the Longshoremen and Harbor Workers’ Compensation Act constituted error. He does, however, argue that he should be afforded seaman status and Jones Act benefits and that he did clerical work making him eligible for overtime pay in line with Harris v. District of Columbia, 741 F.Supp. 254 (D.D.C.1990).
Our review of this record indicates that while Brue has not so far submitted overwhelming evidence that he was a seaman or that he was truly a clerical employee, he has made enough of a showing to preclude summary judgment. Accordingly, we set aside those portions of the district court judgment pertaining to the Jones Act and Fair Labor Standards Act and we remand for further proceedings. The remainder of the judgment is affirmed.
According to his affidavit, Brue inspected “well over” 3,000 barges annually, working an average of 60 hours per week, six or seven days a week. He estimated that he spent 75 per cent of his working time aboard vessels and 25 per cent of his time performing routine clerical duties, mainly preparing written reports relative to his inspections. While on barges, he looked for places needing repairs or maintenance.
Brue never went to sea or assisted in the operation of a barge when being moved over water.
Another affidavit in the record, executed by Raymond Sellers, a marine surveyor employed by Riverway, supports Brue’s allegations.
To qualify as a seaman under Jones Act guidelines, generally, Brue must prove that he was permanently connected |3to a fleet of vessels, that he performed a substantial part of his work aboard the barges and that he contributed to the function of the vessels by doing maintenance work. The trial judge dismissed the Jones Act claims because, in his opinion after reading the submitted documents, Brue “... was not a seaman at the time of his alleged accident because he did not perform a substantial portion of his work aboard vessels.”
Riverway argued in district court and now on appeal that Brue did not spend more than 32 per cent of his working time actually aboard barges and that he could have spent as little as 7.9 per cent of his working time on barges, depending on which estimated figures are used in making the estimated calculations. In any event, Riverway contends that Brue’s working time aboard vessels was not substantial and that he was properly and legally denied seaman status. *1314 Brue stated in his affidavit and/or deposition that while a routine inspection, i.e., one in which no damage was found, would last 20 or 30 minutes, a survey of a barge in need of repairs could last up to an hour.
The record, as it now stands, is not precise concerning the true time Brue spent aboard the barges. Further, defendants admit that Brue, using estimated figures, could have spent 32 per cent of his time aboard barges. We are unaware of any state or federal Jones Act opinion saying that 32 per cent of working time is not substantial. Regardless, whether Brue spent 75 per cent of his working time aboard barges, as he and Sellers contend, or whether his real relationship with vessels was transitory and spasmodic, as Riv-erway argues, is presently uncertain.
It is also unclear whether Brue, under the Fair Labor Standards Act, was a salaried administrator or whether he primarily performed clerical work. The trial judge found 1¿that Brue was an administrator but the record contains enough contradictory evidence on this point to justify additional district court proceedings.
Assessment of court costs is pretermitted.
DISTRICT COURT JUDGMENT AFFIRMED IN PART, REVERSED IN PART AND REMANDED.